UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KOONCE,<br><br>                    Plaintiff,<br><br>      -against-<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>                 Defendant. | Case No.: 22-cv-10418<br><br>**ANSWER TO**<br>**FIRST AMENDED COMPLAINT** |

Defendant Whole Foods Market Group, Inc., ("Defendant"), by and through its attorneys Littler Mendelson, P.C., as and for its Answer to the First Amended Complaint of Michael Koonce ("Plaintiff"), dated March 9, 2023 (the "First Amended Complaint"), responds as follows:

Defendant objects to any claims or allegations relating to claims which were dismissed in the decision and order issued by the Hon. Vincent L. Briccetti on December 1, 2023 ("the Dismissal Order"). All such allegations are implicitly denied as irrelevant and unnecessary.

Defendant denies the allegations contained in each unnumbered paragraph and heading in the Complaint. Defendant denies any allegations in the Complaint that are not specifically addressed herein. This answer is based upon information currently available to Defendant and it reserves the right to supplement the answer as more information becomes available.

## NATURE OF THE CASE

1.      Defendant admits that Plaintiff purports to bring this action and to seek relief under the laws referenced in paragraph 1 of the First Amended Complaint but denies that Plaintiff is entitled to any relief of any kind thereunder. No response is required regarding the claims brought pursuant to the Americans with Disabilities Act of 1990 ("ADA") as those claims were dismissed by the Dismissal Order.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statutes cited therein for a complete and accurate statement of their contents.

3.      Paragraph 3 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

4.      Paragraph 4 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statutes cited therein for a complete and accurate statement of their contents.

## PROCEDURAL PREREQUISITES

5.      Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging retaliation and discrimination based on race and disability.

6.      Defendant admits that at Plaintiff's request, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue.

7.      Defendant admits that Plaintiff's Notice of Right to Sue is dated on September 16, 2022, but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date on which Plaintiff received the Notice.

## PARTIES

8.      Defendant admits that Plaintiff self identifies as African American/Black.

9.      Defendant admits the allegations in paragraph 8 of the First Amended Complaint.

10.     Paragraph 10 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

11.     Paragraph 11 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

12.     Defendant admits the allegations in paragraph 12 of the First Amended Complaint.

13.     Defendant admits the allegations in paragraph 13 of the First Amended Complaint.

14.     Defendant admits the allegations in paragraph 14 of the First Amended Complaint.

15.     Defendant admits the allegations in paragraph 15 of the First Amended Complaint.

16.     Defendant admits the allegations in paragraph 16 of the First Amended Complaint.

17.     No response is required regarding the allegations in paragraph 17 of the First Amended Complaint brought pursuant to the ADA as those claims were dismissed by the Dismissal Order. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

18.     Paragraph 18 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant

denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

19.     Paragraph 19 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

20.     Defendant does not have knowledge or information sufficient to know which "relevant statute(s)" Plaintiff is referring to and so can neither admit nor deny the allegation in paragraph 20 of the First Amended Complaint.

## PLAINTIFF'S DISABILITY

21.      Defendant denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the First Amended Complaint.

22.     No response is required regarding the allegations in paragraph 22 of the First Amended Complaint brought pursuant to the ADA as those claims were dismissed by the Dismissal Order. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

23.     No response is required regarding the allegations in paragraph 22 of the First Amended Complaint brought pursuant to the ADA as those claims were dismissed by the Dismissal Order. To the extent any response is deemed to be required Defendant admits that paragraph 23 of the First Amended Complaint quotes the statute cited therein.

24.     Paragraph 24 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant

denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

25.     Defendant denies the allegations in paragraph 25 of the First Amended Complaint.

26.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the First Amended Complaint.

27.     No response is required regarding the allegations in paragraph 27 of the First Amended Complaint brought pursuant to the ADA as those claims were dismissed by the Dismissal Order. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

28.     Defendant admits that paragraph 28 of the First Amended Complaint quotes the statute cited therein.

29.     Paragraph 29 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

30.     Defendant denies the allegations in paragraph 30 of the First Amended Complaint.

31.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the First Amended Complaint.

32.     Paragraph 32 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

33.     Paragraph 33 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant denies the allegations except respectfully refers to the statute cited therein for a complete and accurate statement of its contents.

34.     Defendant denies the allegations in paragraph 34 of the First Amended Complaint.

35.     Defendant denies the allegations in paragraph 35 of the First Amended Complaint.

36.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's capabilities.

## MATERIAL FACTS

37.     Defendant admits the allegations in paragraph 37 of the First Amended Complaint.

38.     Defendant admits the allegations in paragraph 38 of the First Amended Complaint.

39.     Defendant denies the allegations in paragraph 39 of the First Amended Complaint except admits that Plaintiff suffered a workplace injury on January 10, 2020.

40.     Defendant admits the allegations in paragraph 40 of the First Amended Complaint.

41.      Defendant admits that Plaintiff sought medical treatment days later but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's diagnosis.

42.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the First Amended Complaint.

43.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the First Amended Complaint.

44.     Defendant denies the allegations in paragraph 44 of the First Amended Complaint.

45.     Defendant denies the allegations in paragraph 45 of the First Amended Complaint except admits that Plaintiff was temporarily assigned to work in the Floral Department.

46.     Defendant denies the allegations in paragraph 46 of the First Amended Complaint except admits that Plaintiff was temporarily assigned to work in the Floral Department.

47.     Defendant denies the allegations in paragraph 47 of the First Amended Complaint.

48.     Defendant admits the allegations in paragraph 48 of the First Amended Complaint.

49.     Defendant denies the allegations in paragraph 49 of the First Amended Complaint.

50.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the First Amended Complaint.

51.     Defendant denies the allegations in paragraph 51 of the First Amended Complaint.

52.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the First Amended Complaint.

53.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the First Amended Complaint.

54.     Defendant denies the allegations in paragraph 54 of the First Amended Complaint.

55.     Defendant admits the allegations in paragraph 55 of the First Amended Complaint.

56.     Defendant denies the allegations in paragraph 56 of the First Amended Complaint.

57.     Defendant denies the allegations in paragraph 57 of the First Amended Complaint except admits that in July 2020 Plaintiff was issued a written warning for time and attendance violations.

58.     Defendant denies the allegations in paragraph 58 of the First Amended Complaint.

59.     Defendant denies the allegations in paragraph 59 of the First Amended Complaint.

60.     Defendant denies the allegations in paragraph 60 of the First Amended Complaint.

61.     Defendant denies the allegations in paragraph 61 of the First Amended Complaint.

62.     Defendant admits that employees who work in the same location as Defendant are required to call a Call Out Line to report their anticipated lateness or absence.

63.     Defendant denies the allegations in paragraph 63 of the First Amended Complaint.

64.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the First Amended Complaint.

65.     Defendant denies the allegations in paragraph 65 of the First Amended Complaint.

66.     Defendant denies the allegations in paragraph 66 of the First Amended Complaint.

67.     Defendant admits the allegations in paragraph 67 of the First Amended Complaint.

68.     Defendant denies the allegations in paragraph 68 of the First Amended Complaint.

69.     Defendant denies the allegations in paragraph 69 of the First Amended Complaint except admits that there is a record of Plaintiff's written warning for time and attendance violations.

70.     Defendant denies the allegations in paragraph 70 of the First Amended Complaint.

71.     Defendant denies the allegations in paragraph 71 of the First Amended Complaint.

72.     Defendant admits the allegations in paragraph 72 of the First Amended Complaint.

73.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the First Amended Complaint.

74.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the First Amended Complaint.

75.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the First Amended Complaint.

76. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the First Amended Complaint.

77. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the First Amended Complaint except admits that a core function of Plaintiff's job was to prepare food in a sanitary manner.

78. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the First Amended Complaint except admits that wetting himself would have impeded Plaintiff's ability to prepare food in a sanitary manner.

79. Defendant admits the allegations in paragraph 79 of the First Amended Complaint.

80. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Plaintiff had a disability or whether his purported disability impeded his ability to prepare food in a sanitary manner.

81. Defendant denies the allegations in paragraph 81 of the First Amended Complaint.

82. Defendant denies the allegations in paragraph 82 of the First Amended Complaint.

83. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning the urgency of Plaintiff's need to urinate and the causes thereof and denies that Plaintiff did not have time to remove his apron before entering the restroom.

84. Defendant denies the allegations in paragraph 84 of the First Amended Complaint.

85. Defendant denies the allegations in paragraph 85 of the First Amended Complaint.

86. Defendant denies the allegations in paragraph 86 of the First Amended Complaint.

87. Defendant denies the allegations in paragraph 87 of the First Amended Complaint.

88. Defendant denies the allegations in paragraph 88 of the First Amended Complaint.

89.      Defendant admits the allegations in paragraph 89 of the First Amended Complaint.

90.      Defendant denies the allegations in paragraph 90 of the First Amended Complaint.

91.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the First Amended Complaint but affirmatively states that Plaintiff' never complained to any of his Supervisors about discrimination.

92.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's feelings and denies the remaining allegations in paragraph 92 of the First Amended Complaint.

93.      Defendant denies the allegations in paragraph 93 of the First Amended Complaint.

94.      Defendant denies the allegations in paragraph 94 of the First Amended Complaint.

95.      Defendant denies the allegations in paragraph 95 of the First Amended Complaint.

96.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's feelings and denies the remaining allegations in paragraph 96 of the First Amended Complaint.

97.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's belief and denies the remaining allegations in paragraph 96 of the First Amended Complaint.

98.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the First Amended Complaint.

99.      Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's betrayal and outrage and denies the remaining allegations in paragraph 99 of the First Amended Complaint.

100.    Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's belief and denies the remaining allegations in paragraph 100 of the First Amended Complaint.

101.    Defendant denies the allegations in paragraph 101 of the First Amended Complaint.

102.    Defendant denies the allegations in paragraph 102 of the First Amended Complaint.

103.    Defendant denies that "Michael" was the manager of the Butcher Department but admits the remaining allegations in paragraph 103 of the First Amended Complaint.

104.    Defendant denies the allegations in paragraph 104 of the Amended Complaint except admits that "Tashoy" questioned Plaintiff about multiple incidents in which Plaintiff was observed violating Defendant's policies.

105.    Defendant admits that "Tashoy" questioned Plaintiff about multiple incidents in which Plaintiff was observed violating Defendant's policies.

106.    Defendant admits the allegations in paragraph 106 of the First Amended Complaint.

107.    Defendant denies the allegations in paragraph 107 of the First Amended Complaint.

108.    Defendant denies the allegations in paragraph 108 of the First Amended Complaint.

109.    Defendant denies the allegations in paragraph 109 of the First Amended Complaint.

110.    Defendant denies the allegations in paragraph 110 of the First Amended Complaint.

111.    Defendant admits that Plaintiff violated Defendant's policies.

112.    Defendant denies the allegations in paragraph 112 of the First Amended Complaint.

113.    Defendant denies the allegations in paragraph 113 of the First Amended Complaint.

114.    Defendant denies the allegations in paragraph 114 of the First Amended Complaint.

115.    Defendant denies the allegations in paragraph 115 of the First Amended Complaint.

116.    Defendant denies the allegations in paragraph 116 of the First Amended Complaint.

117.     Defendant denies the allegations in paragraph 117 of the First Amended Complaint except admits that "Tashoy" questioned Plaintiff about multiple incidents in which Plaintiff was observed violating Defendant's policies.

118.     Defendant denies the allegations in paragraph 118 of the First Amended Complaint except admits that Plaintiff claimed that he was being subjected to race discrimination because he was questioned about multiple incidents in which Plaintiff was observed violating Defendant's policies.

119.     Defendant admits that Plaintiff claimed that holding him accountable for not adhering to Defendant's policies constituted nitpicking.

120.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the First Amended Complaint.

121.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the First Amended Complaint.

122.     Defendant denies the allegations in paragraph 122 of the First Amended Complaint.

123.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning the source of Plaintiff's astonishment and outrage and denies the remaining allegations in paragraph 123 of the First Amended Complaint.

124,     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's feelings of betrayal or his expectations and denies that Plaintiff was subjected to any form of discrimination.

125.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's concussion and denies that Plaintiff ever

requested that he be granted a twice weekly 10 to 15 minute grace period as an accommodation for any purported disability.

126.    Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff "pointed out" and denies the remaining allegations in paragraph 126 of the First Amended Complaint.

127.    Defendant denies the allegations in paragraph 127 of the First Amended Complaint.

128.    Defendant denies the allegations in paragraph 128 of the First Amended Complaint.

129.    Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the First Amended Complaint.

130.    Defendant denies the allegations in paragraph 130 of the First Amended Complaint.

131.    Defendant denies the allegations in paragraph 131 of the First Amended Complaint.

132.    Defendant denies the allegations in paragraph 132 of the First Amended Complaint.

133.    Defendant denies the allegations in paragraph 133 of the First Amended Complaint.

134.    Defendant denies that Plaintiff ever requested as a reasonable accommodation that he be permitted to enter the bathroom while wearing his apron.

135.    Defendant admits the allegations in paragraph 135 of the First Amended Complaint.

136.    Defendant denies the allegations in paragraph 136 of the First Amended Complaint.

137.    Paragraph 137 of the First Amended Complaint contains legal conclusions as to which no response is required. To the extent any response is deemed to be required, Defendant denies the allegations.

138.    Defendant denies the allegations except affirmatively states that "Sheena" was not a decision maker.

139.    Defendant denies the allegations in paragraph 139 of the First Amended Complaint.

140.    Defendant denies the allegations in paragraph 140 of the First Amended Complaint.

141.    Defendant denies the allegations in paragraph 141 of the First Amended Complaint.

142.    Defendant denies the allegations in paragraph 142 of the First Amended Complaint.

143.    Defendant denies the allegations in paragraph 143 of the First Amended Complaint.

144.    Defendant denies the allegations in paragraph 144 of the First Amended Complaint.

145.    Defendant denies the allegations in paragraph 145 of the First Amended Complaint.

146.    Defendant denies the allegations in paragraph 146 of the First Amended Complaint.

147.    Defendant denies the allegations in paragraph 147 of the First Amended Complaint.

148.    Defendant denies the allegations in paragraph 148 of the First Amended Complaint.

149.    Defendant denies the allegations in paragraph 149 of the First Amended Complaint.

150.    Defendant denies the allegations in paragraph 150 of the First Amended Complaint.

151.    Defendant denies the allegations in paragraph 151 of the First Amended Complaint.

152.    Defendant denies the allegations in paragraph 152 of the First Amended Complaint.

153.    Defendant denies the allegations in paragraph 153 of the First Amended Complaint.

154.    Defendant denies the allegations in paragraph 154 of the First Amended Complaint.

155.    Defendant denies the allegations in paragraph 155 of the First Amended Complaint.

156.    Defendant denies the allegations in paragraph 156 of the First Amended Complaint.

157.    Defendant denies the allegations in paragraph 157 of the First Amended Complaint.

158.    Defendant denies the allegations in paragraph 158 of the First Amended Complaint.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA

159.    Defendant repeats and realleges its responses to paragraphs 1 through 158 of the

First Amended Complaint.

160.    No response is required to the allegations contained in paragraph 160 of the First Amended Complaint as the disability discrimination claims asserted under the ADA were dismissed by the Dismissal Order.

161.    No response is required to the allegations contained in paragraph 160 of the First Amended Complaint as the disability discrimination claims asserted under the ADA were dismissed by the Dismissal Order.

## SECOND CAUSE OF ACTION
## FOR FAILURE TO ACCOMMODATE DISABILITY

162.    Defendant repeats and realleges its responses to paragraphs 1 through 161 of the First Amended Complaint.

163.    No response is required to the allegations contained in paragraph 163 of the First Amended Complaint as the failure to accommodate claims asserted under the ADA were dismissed by the Dismissal Order.

164.    No response is required to the allegations contained in paragraph 164 of the First Amended Complaint as the disability discrimination claims asserted under the ADA were dismissed by the Dismissal Order.

## THIRD CAUSE OF ACTION
## FOR RETALIATION UNDER THE ADA

165.    Defendant repeats and realleges its responses to paragraphs 1 through 164 of the First Amended Complaint.

166.    Defendant admits that paragraph 166 of the First Amended Complaint quotes the statute cited therein.

167.    Defendant denies the allegations in paragraph 167 of the First Amended Complaint.

## FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

168.    Defendant repeats and realleges its responses to paragraphs 1 through 167 of the First Amended Complaint.

169.    Defendant admits that paragraph 169 of the First Amended Complaints quotes the statute cited therein.

170.    Defendant denies the allegations in paragraph 170 of the First Amended Complaint.

**FIFTH CAUSE OF ACTION
FOR RACE/COLOR DISCRIMINATION
UNDER THE NEW YORK STATE EXECUTIVE LAW**

171.    Defendant repeats and realleges its responses to paragraphs 1 through 170 of the First Amended Complaint.

172.    Defendant admits that paragraph 172 of the First Amended Complaint quotes the statute cited therein.

173.    Defendant denies the allegations in paragraph 173 of the First Amended Complaint.

**SIXTH CAUSE OF ACTION
FOR DISABILITY DISCRIMINATION
UNDER THE NEW YORK STATE EXECUTIVE LAW**

174.    Defendant repeats and realleges its responses to paragraphs 1 through 173 of the First Amended Complaint.

175.    Defendant admits that paragraph 175 of the First Amended Complaint quotes the statute cited therein.

176.    Defendant denies the allegations in paragraph 176 of the First Amended Complaint.

**SEVENTH CAUSE OF ACTION
FOR FAILURE TO ACCOMMODATE DISABILITY
UNDER THE NEW YORK STATE EXECUTIVE LAW**

177.    Defendant repeats and realleges its responses to paragraphs 1 through 176 of the First Amended Complaint.

178.    No response is required to the allegations contained in paragraph 178 of the First Amended Complaint as the failure to accommodate claims asserted under the New York State Executive Law were dismissed by the Dismissal Order.

179.    No response is required to the allegations contained in paragraph 179 of the First Amended Complaint as the failure to accommodate claims asserted under the ADA were dismissed by the Dismissal Order.

## EIGHTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

180.    Defendant repeats and realleges its responses to paragraphs 1 through 179 of the First Amended Complaint.

181.    Defendant admits that paragraph 181 of the First Amended Complaint quotes the statute cited therein.

182.    Defendant denies the allegations in paragraph 182 of the First amended Complaint.

## JURY DEMAND

183.    Defendant admits that Plaintiff purports to seek a trial by jury but denies that Plaintiff is entitled to a jury trial on all claims in this action.

## REQUEST FOR RELIEF

Defendant admits that Plaintiff purports to seek the relief described in the "WHEREFORE" section of the Complaint but denies that Plaintiff is entitled to any of the relief described therein, including subparts (A) through (F) thereof, or to any other form of relief of any kind whatsoever against Defendant.

## DEFENSES

Without admitting any of the allegations in the First Amended Complaint and without admitting or acknowledging that Defendant bears any burden of proof, Defendant asserts the

following defenses. Defendant further intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserve the right to amend this Answer to assert all such defenses.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

All decisions made by Defendant with respect to the termination of Plaintiff's employment were made for legitimate, non-discriminatory and non-retaliatory reasons.

## THIRD DEFENSE

Notwithstanding Plaintiff's contention that an impermissible consideration was a factor in the decisions made and actions taken by Defendant which Defendant denies, Defendant would have made the same decisions and taken the same actions in relation to Plaintiff regardless of whether any impermissible consideration was a motivating factor.

## FOURTH DEFENSE

Defendant engaged in good faith efforts to prevent and correct unlawful discrimination and retaliation and to comply with the applicable anti-discrimination and anti-retaliation laws.

## FIFTH DEFENSE

Defendant exercised reasonable care to prevent and correct any discriminatory or retaliatory conduct in the workplace. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

## SIXTH DEFENSE

Defendant did not know, nor should it have known, of any discriminatory or retaliatory conduct and thus did not fail to take immediate and appropriate corrective actions.

## SEVENTH DEFENSE

To the extent it may later be determined that any third parties or other person committed unlawful acts alleged in the Complaint, which Defendant expressly denies, such acts were committed without Defendant's knowledge, authorization, ratification or notification. To the extent that such persons were employed by Defendant, such acts were outside the scope of any employee's duties. Accordingly, Defendant is not liable under the doctrine of *respondeat superior* or otherwise for the alleged unlawful acts and conduct of such persons.

## EIGHTH DEFENSE

Any purported injury alleged in the Complaint was caused, in whole or in part, by Plaintiff's own culpable or negligent conduct.

## NINTH DEFENSE

The conduct complained of by Plaintiff consists of nothing more than what a reasonable victim of discrimination or harassment would consider petty slights and trivial inconveniences.

## TENTH DEFENSE

Punitive damages are unavailable as a form of relief for some or all of Plaintiff's claims.

## ELEVENTH DEFENSE

Punitive damages, if available, would be inappropriate because the conduct complained of by Plaintiff did not rise to the level of culpability that would justify an award of punitive damages.

## TWELFTH DEFENSE

Defendant's good faith efforts to prevent discrimination and retaliation bar an award of punitive damages.

### THIRTEENTH DEFENSE

Some or all of the relief requested by Plaintiff is not available under the applicable law, statutes and causes of action.

### FOURTEENTH DEFENSE

The Complaint fails to allege an adequate basis upon which Plaintiff could receive declaratory or injunctive relief.

### FIFTEENTH DEFENSE

On information and belief, Plaintiff's claims for damages are barred to the extent he has failed to mitigate his damages.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust all administrative remedies and/or to perform all conditions precedent to filing suit.

### SEVENTEENTH DEFENSE

There is no record of prior incidents of discriminatory or retaliatory conduct by the employees whom plaintiff alleges discriminated or retaliated against him.

### EIGHTEENTH DEFENSE

Defendant reserves the right to raise any and all other defenses that may become evident during discovery or otherwise.

### NINETEENTH DEFENSE

The Complaint fails to allege an adequate basis upon which plaintiff could recover costs, expenses, or attorneys' fees.

**WHEREFORE,** Defendant respectfully request that this Court enter judgment for

Defendant and against Plaintiff:

      A.      Dismissing the First Amended Complaint in its entirety, with prejudice.

      B.      Awarding Defendant attorneys' fees, disbursements and costs incurred in defending this action; and

      C.      Granting Defendant such other and additional relief as this Court deems just and proper.

Dated: New York, New York
      December 26, 2023

**LITTLER MENDELSON, P.C.**

By: /s/ David Wirtz_____
      David Wirtz
      Johane Severin
      900 Third Avenue
      New York, NY 10022
      (212) 583-2666
      dwirtz@littler.com
      jseverin@littler.com
      *Attorneys for Defendant*
      *Whole Foods Market Group, Inc.*

**TO:**    Nathaniel K. Charny, Esq.
       H. Joseph Cronen, Esq.
       Charny & Wheeler P.C.
       9 West Market Street
       Rhinebeck, NY 12572
       Tel: (845) 876-7500
       ncharny@charnywheeler.com
       jcronen@charnywheeler.com
       *Attorneys for Plaintiff*