USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL KOONCE,

        Plaintiff,

        v.

WHOLE FOODS MARKET GROUP, INC.,

        Defendant.

Case No: 22-cv-10418 (VB)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

---

      **IT IS HEREBY STIPULATED AND AGREED** by and among counsel for the respective parties in this action as follows:

      1.    This Confidentiality Stipulation and Protective Order ("Stipulation and Order") shall apply to any documents or information provided or produced during discovery in this action (the "Action") by any party hereto (the "Parties") or by any third party witness (a "Non-Party") that receives a subpoena or is deposed and which either Party designates in good faith by counsel as confidential pursuant to this Stipulation and Order ("Confidential Material"), including Confidential Material used or revealed during a deposition or in answers to interrogatories or at a hearing or trial or other proceeding. It is agreed and understood by the parties hereto that such documents and/or information may contain highly confidential, personal medical, financial and/or employment records, sensitive and/or proprietary information.

      2.    All materials designated as Confidential Material shall be clearly marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The Parties may designate as "CONFIDENTIAL" any documents or other discovery materials or portions thereof that they produce, serve or file, or that are produced, served or filed by any Non-Party or any pretrial testimony given or any exhibits marked in connection therewith in the Action, which in

**Error! Unknown document property name.**

good faith a Party reasonably believes contains or discloses personal information (including medical and/or financial information), confidential information, or other sensitive information of a non-public nature including, but not limited to, personnel, payroll and proprietary business information such as internal communications, policies, training materials, and manuals. Documents or other discovery materials containing trade secrets, financial data and/or information or proprietary information shall be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." With respect to oral testimony given at a deposition, hearing or trial, a Party shall have 30 business days from receipt of the transcript containing such testimony to state in writing to the other Party that designated portions thereof contain Confidential Material and to mark such pages with the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend. Confidential Material shall not include material that was publicly available prior to production.

3. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order from that point forward. The Designating Party may seek relief to address any situation where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of an inadvertent failure to designate by the Designating Party.

4. In the event that a party objects to the designation of certain information as Confidential Material, counsel for the Parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, either party may make an application to the Court to resolve the dispute not later than fourteen (14) days after the objection was first asserted.

Pending resolution by the Court, the documents or information subject to the dispute shall be treated as Confidential Material under the terms of this Stipulation and Order.

5. An objection to the designation of discovery material as Confidential Material must be made within thirty (30) days of its receipt by a Party. Acceptance by any Party of discovery material designated as Confidential Material shall not constitute a concession that any such discovery material is appropriately so designated. All discovery material designated as "CONFIDENTIAL" by a producing Party will be treated as Confidential Material unless such designation is changed by mutual agreement of the Parties or Court order.

6. In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

7. Materials marked "CONFIDENTIAL" pursuant hereto and their contents shall not be disseminated by the Parties or their attorneys in any manner, orally or in written form, to anyone other than:

   (a) The Parties, Counsel of record and in-house counsel for the Parties in this case and their employees, such as the paralegal, clerical, secretarial staffs and vendors performing support staff functions employed by such counsel to the extent necessary to render professional services in this Action, and agents and consultants working with counsel, if any;

   (b) The litigation forums in which this Action may proceed (including the Court, court reporters and stenographic reporters) provided that, before filing a document marked "Confidential" with the Court in this action, the party planning to file said document will provide sufficient advance notice to the other parties to enable them to seek the Court's permission that said document be filed under seal;

(c) Experts and consultants who have been and/or may be retained by counsel in connection with this Action, who are assisting counsel in the usual and normal course in the prosecution or defense of this Action;

(d) Any court reporter present in his or her official capacity at any hearing, deposition or other proceedings in this Action; and

(e) Witnesses in preparation for or in connection with depositions or pre-trial or trial proceedings relating to this Action, provided that said witnesses have been identified in discovery as persons with knowledge of relevant facts.

8. Prior to disclosure by the Parties or their attorneys of any Confidential Material to any person referred to in paragraphs 6(c) or 6(e) of this Stipulation and Protective Order, counsel shall provide such person with a copy of this Stipulation and Protective Order and that person must agree to be bound by its terms.

9. Any document or information actually comprising or containing Confidential Material contained in any pleading shall bear the legend in the upper right-hand corner "Confidential Material Filed Under Seal." No documents or information filed under seal shall be filed electronically with the Court or otherwise made available to third parties or the public, except by further order of this Court or in accordance with the terms of this Order including paragraph 6(b) above.

10. All Confidential Material shall be used solely for the purpose of the prosecution or defense of this Action, including through the exhaustion of any appeals or retrials.

11. This Confidentiality Stipulation and Protective Order shall not: (a) be deemed to be a waiver of any discovery or evidentiary objection; (b) prejudice in any way the right of a Party to object to the production of documents or information it considers not subject to discovery; (c) prejudice in any way the right of a Party or Non-Party to seek a court determination of whether

particular discovery material should be produced; or (d) prejudice in any way the right of a Party to object to the introduction into evidence of any documents or information it considers inadmissible.

12.     This Stipulation and Order shall not prohibit any Party hereto from responding to court-issued subpoenas that are valid and enforceable under the law applicable to this proceeding and issued by a court having jurisdiction over the Party receiving the subpoena, *provided* that the Party receiving such subpoena shall have first given prompt written notice of such subpoena, and provided a copy of it, to the producing Party and does not produce Confidential Material until the producing Party has had a reasonable period of time not less than five (5) business days, if possible, to make an application to stay, quash or modify any such subpoena. Any Party who receives such a subpoena must immediately provide a copy of the subpoena to all other Parties upon receipt of the subpoena.

13.     Any person in possession of Confidential Material disseminated by the Parties, Non-Parties or their attorneys shall maintain it in a secure manner so as to avoid disclosure of its contents.

14.     Upon final termination of this action and any appeals, any person in possession of Confidential Materials shall promptly return the Confidential Materials, including all copies and excerpts thereof, to counsel for the producing Party or Non-Party. In lieu of the foregoing, any person in possession of Confidential Materials may, upon written consent of counsel for all of the Parties, destroy all Confidential Materials in their possession and certify under penalty of perjury the destruction of such materials; or counsel for the Parties may destroy all Confidential Materials in their possession upon final termination of this action and any appeals upon written notification to the other party's counsel.

15.     This Confidentiality Stipulation and Protective Order shall be, and is hereby,

adopted by the undersigned, with or without Court signature, as an Order of this Court, submitted to the Court for signature, which shall be effective *nunc pro tunc* to the date hereof.

16. The inadvertent, unintentional or in camera disclosure of Confidential Materials shall not be deemed a waiver of any claims of confidentiality.

17. This Confidentiality Stipulation and Protective Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: April 25, 2024

                    LITTLER MENDELSON, P.C.

                    By: /s/ Johane Severin
                        David Wirtz
                        Johane Severin
                        900 Third Avenue
                        New York, NY 10022
                        (212) 583-9600
                        Attorneys for Defendant

                  Charny & Wheeler P.C.

                  By: /s/ H. Joseph Cronen
                       H. Joseph Cronen
                       42 West Market Street
                       Rhinebeck, NY 12572
                       (845) 876-7500
                       Attorneys for Plaintiff

SO ORDERED:

/s/ Vincent L. Briccetti                     Date: 4/30/2024
_____
Hon. Vincent L. Briccetti
United States District Judge